20-3056, Reorganized FLI v. Williams Companies. Ms. Coy, you're first. You're smiling because I was told how to pronounce your name, which is totally misspelled. Very impressive, your honor. Thank you. Go ahead. May it please the court, Jennifer Coy, on behalf of Appellants Dine and GM Williams, I'd like to reserve three minutes for rebuttal, please. Okay, you know how that works. You've already seen that, right? Yes, your honor. Good luck. Thank you. This appeal arises out of Kansas antitrust litigation, and it presents a single question of law for this court. Does the Kansas legislature's 2013 repeal of one of two remedies that were available for a Kansas restraint of trade violation apply retroactively when the change left intact both the substantive cause of action and a treble damages remedy for one who both proved liability and sought that remedy? The answer is yes, the change applies retroactively for three reasons. First, under black letter Kansas law, changes to the remedies available to enforce a right apply retroactively by default under the core principle that a plaintiff who has not proven liability has no vested right in any particular remedy over another remedy. Second, the Kansas legislature could have exempted this change from its default retroactive status, but the legislature did not do so here. It didn't say codify the default rule. And third, a change may not be applied retroactively to abolish a vested right, but this case presents no such problem. Again, a plaintiff who has not proven liability has no vested right to a particular remedy, and the change here left both the substantive antitrust cause of action and a treble damages remedy for one who sought it like farmland's class counterparts represented by the same council. Kansas law is clear that this... I'm going to interrupt you. I think it's clear as mud. What do we do with the Kansas Supreme Court's statement that section 5115 creates not only a new procedure for relief, but also new substantive rights? Your Honor, when the O'Brien court made that statement, it was citing both... It was citing several provisions of the KRTA. It cited 102, which is a substantive provision, along with citing the remedial provisions, including 115 at issue here. So a statement that the KRTA, including its substantive provisions and its remedial provisions, creates substantive rights and remedies doesn't change the equation here at all. The Kansas Supreme Court did not say that section 115's particular remedy was some sort of substantive right. And the question at issue in this Kansas principle of statutory interpretation is, did the change affect a remedy or motive procedure, or did it instead affect the underlying rights and wrongs? And looking at what the courts have said, it's clear here that what the change affected is the remedy or motive procedure. So take Brennan, for instance, Your Honor. That's a 2011 canonical Kansas Supreme Court case, and it addressed a situation in which the change lowered the amount of damages a plaintiff could recover because it allowed the defendant to offset the plaintiff's insurance proceeds. And the court squarely said that change is remedial because it doesn't go to the underlying rights or wrongs. It affects the remedies and procedure at stake. But what about Klebrink, however you pronounce it? You know, they seem to me, they reached the opposite conclusion there. Absolutely, Your Honor. They don't reach the opposite conclusion there for two core reasons. First, as Owen Lumber in 2003 and 2011 made clear, the earlier Kansas decisions used to intertwine the analysis of remedial and substantive with vested rights and due process. So what you have underlying those cases is a court looking at the vested rights concerns and intertwining that into whether the change is substantive or not. That case concerned core vested rights concerns that are just not at issue here. First, that case... The cases you keep ignoring are the two Court of Appeals decisions from Kansas. And under Stickley, when we are doing an Erie guess, we have to give those some weight. And you essentially tell us to ignore them. And I can't ignore them. So, yeah. Absolutely, Your Honor. Our position is not at all that you should ignore those cases. It's that those cases do not address this question. O'Brien, too, specifically explained that it was addressing the law as it stood prior to 2013. It acknowledged the fact that there had been changes. It acknowledged that the legislature said that the rule of reason, one of the substantive changes that happened, would apply retroactively, but not depending causes of action. And then it moved on to its analysis. It did not... Wait, wait, wait. O'Brien, too, said that the amendment did not apply to a case like this one that was pending before April 18th, 2013. That's a quote. I just quoted you from O'Brien, too. Absolutely, Your Honor. The O'Brien, too, quote, did not address the precise question of whether remedial changes. It did not look at the Kansas retroactivity law. It didn't look at... This question just was not... No, it said globally, generally, that the amendments did not apply to a case that was already pending. And Smith specifically said 50-1155 does not apply retroactively to a case that was already pending. Your Honor, you're right that both of those... Yes, that both of those courts of appeals opinions made broad statements, but neither court, in neither instance, was this question raised. Neither court took any analysis of the Kansas retroactivity principles. Neither court held that these changes didn't apply retroactively because the change does not fall under the Kansas default rule, or because there is a vested right at stake, or for any reason. The court made big picture pronouncements that, in accordance with the ordinary rule for substantive changes, that changes do not apply retroactively. And nobody in those cases raised the question of whether changes to remedies applied retroactively. What you have here, though, Your Honor, is the only cases that address the precise question at issue here, squarely thought this was a straightforward application of Kansas law, saying that changes to remedies apply retroactively by default because the change has... Because the plaintiff has no vested right in any particular remedy. Your Honor, it asks about Clybrink, and I want to turn back to that for a moment because that addressed a situation in which the plaintiff's... In which the liability, the consequence to a defendant was increased for past conduct. And that squarely implicates a defendant's due process rights to not have new consequences imposed and have his property taken based on past conduct when he had no due process notice, no fair notice of the consequences of his action. That is an entirely different question than here, where it's under the canonical principle of Kansas law that a plaintiff who has not proven liability has no vested right to any particular remedy. Brennan conclusively addresses an issue, like in Clybrink, where a change applies, lowers the amount of damages a plaintiff can recover. And this court squarely says that change is remedial. And I want to talk for a moment about the Noel and Nash opinions. Just a minute. Before you go on, what if there was a case where the Kansas law only provided for treble damages? And the Kansas legislature amended that and added full consideration damages. And your client changed that. Wouldn't your client be saying Clybrink applies? Your Honor, we would not be saying Clybrink applies, but we would have an argument, yes, under the modern doctrine, which separates the remedial substantive discussion from the due process discussion. I would have no dispute that the change was remedial. It doesn't go to the underlying rights or wrongs. I would have an argument that I have a vested rights due process problem there. And that's because the property interest of state for the defendant at issue in that type of instance is different under Kansas law. Kansas law determines the property rights at stake. And Kansas is telling you that a plaintiff who has not proven liability has no vested right to any particular remedy over any other remedy because there are all these contingencies still outstanding before recovery. So you can interchange a remedy. A defendant has a different due process interest in not taking his property, his money, and making you take money not out of the public coffer, but out of that defendant's pocket and pay the plaintiff based on past conduct with no notice of the additional consequences. So absolutely. Let me ask this then. If the Kansas legislature in this case had eliminated both full consideration damages and travel damages, you would still say that applies retroactively even though their only remedy now is injunctive, really? No, your honor. If it had taken rid of, if the change had gotten rid of all of the remedies available, that's exactly the Brennan case. Brennan looked at a change that lowered the amount of damages a plaintiff could recover. This is the canonical 2011 opinion. And it said the change is remedial, but it found a due process violation and did not apply the change remedy at stake. Here, if all the money damages available are completely taken away, then they'd have a strong argument that Brennan is on all fours. And even though the change is remedial, the default rule doesn't apply because it abolishes their vested rights. But the key point here is Kansas's vested rights determination turns on whether the law itself abolishes the vested rights. The change not on a party's failure to act on an opportunity the and your honors, the Nolan Nash decisions tell you that conclusively. In both cases, there is a change in the law that puts in a new deadline. In both cases, the new deadline doesn't go to the underlying rights or wrongs. So it's remedial or procedural. In both cases, the change ultimately bars the remedy altogether. The plaintiff has no damages at all when he otherwise could have recovered. And what the Kansas court said is the plaintiff had an opportunity to do so. And the timing in Nash's 2019 is particularly instructive because it is the exact same year and a half at issue here. Nash, the change took effect on July 1, 2015. On January 7, 2017, the Nash court said that the plaintiff's action is barred. He loses his remedy because he didn't comply with the new rule and had a year and a half to do so. Here, the change happened in April of 2013. In October of 2013, the plaintiffs were told by a state district court in Kansas, this change applies retroactively. In February of 2014, the plaintiffs were told by a federal court in Ohio, this change applies retroactively. On the exact same day at issue in Nash, July 1, 2015, this case came back from remand from the U.S. Supreme Court, and it remained pending in the district court that entire year and a half that Nash said was more than enough time to comply and not once in that time period did farmland seek to amend, like its class counterparts had done, to protect its interests. Under clear Kansas law, the plaintiff cannot create his own due process rights. Your honors, if I may, I'd like to reserve my time. Ms. Goyla, may I ask you this? If you lose and this is deemed to be not retroactive, are you ready to go to trial? No, your honor. The discovery, fact discovery closed, but expert discovery is still ongoing. Then let me ask you this. What if we agree with you, but decide that in fairness that farmers ought to be able to have a travel damage remedy? Since you have more things to do, more discovery, what prejudice is there at all to your client for allowing them to have travel damages? First, we would be strongly prejudiced in having they haven't put on any fact or expert evidence that is conclusive as to... You're in the middle of discovery. You said you're not ready to go to trial. You're doing discovery. We'll just put that in the discovery. Get your experts and focus additionally on damages. Yes, your honor. We are prejudiced. We would be prejudiced in having to defend against a claim that they took strategic positions over time using the fact that they only saw the other remedy. They took positions that mattered in this litigation. You're absolutely right. They did take those positions. Well, I'm asking, what is the prejudice to you? The prejudice to us is that we have to litigate against a claim that they should not be allowed to bring and rule 15 looks... How are you prejudiced in defending against a claim of travel damages? That's the question I want answered. We would have to go take expert discovery on travel damages, which is different than on full consideration. We would have to go... There might be facts that come into play that would have to reopen back discovery. Right. But you're in the midst of discovery right now. Fact discovery is closed, your honor. Just expert discovery is still ongoing, although the cases stay below. But your honor, rule 15 says undue delay and dilatory motive is enough reason... May I finish my answer, your honor? Yes. Is enough reason to deny leave to amend. It's reviewed under an abuse of discretion standard that leave to amend. Rule 16, which applies here because the scheduling order deadline has already passed, says good cause. And in this court's Husky Ventures case from 2018, the court said a delay of just a few months, less than six months, was sufficient to say that the district court did not abuse its discretion in not allowing an amendment because there was no good cause for that delay. We have no dispute that had they sought to amend immediately upon remand from the Supreme Court or anytime soon thereafter, this would be a completely different question. And I can't imagine why a court would not have granted leave under that circumstance. But the fact is they had an entire year and a half to do that. And the court came back. It was only up on appeal again. We understand your argument. Thank you, your honor. And if I may have a little bit of time. Judge Hartz, can I just ask one question? Please, yes. Ms. Coy, why shouldn't we certify this question to Kansas and let them tell us? Your honor, you shouldn't certify this question for a few reasons. This case has been pending for 15 years. Nobody's requested certification. And this just does not present one of the exceptional circumstances in which Kansas law does not provide a clear and defined path for you to follow. Kansas law tells you that a change in remedy. Okay, you don't need to go through all your arguments again. Okay, thank you, your honor. Based on the copier case and the Alexander case in 2018. Yes, we thank you. Okay. Ms. Pope. May it please the court, Leslie Pope, on behalf of plaintiff Eppley Farmland. Farmland filed this lawsuit 15 years ago under section 115 of Kansas's antitrust law. Section 115, which is reproduced at page 17 of defendant's brief, gave any person injured or damaged by a price fixing conspiracy the right to sue for and recover the full consideration or some pay for the goods affected. The Kansas Supreme Court has described section 115 in O'Brien 1 as creating substantive rights in the form of a private right of action for specific type of damages. Despite this, defendants argue that section 115 was merely a remedial provision and thus its repeal is retroactive, effectively stripping Farmland of a claim it filed 15 years ago. Defendant's argument is wrong for three reasons. First, stripping Farmland of its claim would be contrary to the intent of the Kansas legislature and the savings clause included in the 2013 amendments. Second, because section 115 was a substantive law and its repeal was a substantive change in Kansas law, it must be applied prospectively. Third, even if section 115 could be construed as a merely procedural or remedial provision, the repeal of section 115 could not be applied retroactively here because doing so would have the practical effect of stripping Farmland of its claim and violate due process. Let me focus on the third issue. It wouldn't strip you of your claim if you had pursued treble damages, is that correct? No, your honor, section 115 creates a private right of action. As Judge McHugh referenced in O'Brien 1, the Kansas Supreme Court explained that section 115 in itself creates a private right of action and this is clear from the text of the statute which is available at page 17 of defendant's brief. The statute says that any person injured or damaged by a price fixing conspiracy in Kansas may sue for and recover the full amount paid for the goods affected. That may sue for and recover creates a private right of action. It also creates liability against a defendant. Those are two factors that the Kansas Supreme Court has looked to in defining what is a substantive law that creates a substantive right. So it creates its cause of action. There's a separate cause of action in section 161. Okay, are you ready to answer now? Why did you not also pursue a claim for treble damages? In our complaint we cited both section 161 which creates the right for treble damages and section 115 but as we were entitled to do we focused on the full consideration remedy that was available in section 115. You affirmatively said you weren't seeking the treble damage remedy, isn't that correct? Prior to 2013 we did repeatedly make the choice to focus on the full consideration remedy which was available to us. Why was that advantageous to you to not bring the what possible reason would you have for not pursuing an available remedy? You can usually seek two remedies, there's nothing wrong with that. What was the advantage to you or your client in not seeking treble damages? There are multiple advantages to focusing on this section 115 private right of action. As explained in O'Brien 2, there's a different standard of proof under 115 and under 161. So to recover full consideration damages under 115, one needs to show that one was injured or damaged and then the amount you paid as opposed to if having to show the amount of the overcharge in order to establish. Please, I don't think you're responding to my question. It's fine to focus on one but what was the advantage of abandoning treble damages? Did it affect any discovery, any procedural advantage? Was there any reason why you would affirmatively abandon that? Yes, there was discovery that we would additional discovery that would have been taken had we focused also on the treble damages remedy. And you didn't want to engage in that discovery as irrelevant, is that right? We made clear that we were focused on the full consideration remedy. There's a difference between being focused on one of two remedies and abandoning the remedy. So you abandon treble damages to avoid discovery and that was back before 2013, is that correct? We focused on that section 115 for full consideration damages because those were the damages we were seeking. But the reason why abandon it, you affirmatively abandon it because you didn't want to submit to discovery. Am I wrong about that? Are you able to answer that question? I'm not talking about why you preferred remedy A to remedy B. I'm asking why you affirmatively said we're not seeking remedy B. And as I understand it, it was because you didn't want to be subjected to discovery. Factual discovery, is that correct? Yes, and the benefits of section 115 and the fact that it has a different evidentiary standard. But also it's a lot more money, right? I mean, full consideration is every dime you paid as opposed to just the difference between what it should have been charged and what was charged. Plus you get to treble it. So there's a huge difference in the amount of damages. Yeah, but that's not my point. The point you can pursue that, but you abandon one alternative so that you wouldn't be subjected to discovery. And if you pursued that claim now, you would be saying yes, you can conduct this discovery even though it's been eight years. I don't know how hard it is to get the evidence now, but you didn't want to submit to discovery. Were there any other reasons why it was advantageous to you to abandon the treble damages remedy? No, there were no advantages to the abandonment. There were benefits to section 115 focused on full consideration damages. Yes, and that makes perfect sense for you to prefer that remedy. But you didn't want to submit to discovery that would be relevant only to treble damages. So you said we're not pursuing that claim. Is that a fair characterization of what happened? Yes, it is fair to say that there were categories in discovery we said were irrelevant because they didn't bear on full consideration damages, which is what we were seeking. Now, ordinarily that would be a waiver because you got to, you affirmatively decide to do something to get an advantage. I'm curious whether the waiver analysis would be a matter of federal law or state law. Do you have any position on that? No, your honor. But it was a knowing and abandonment of a claim, was it not? You wanted it because it advantaged you. Am I correct about that? No, I don't think it's correct to say that we abandoned our claim under 161. As I mentioned, 161 and 115 are separate causes of action. And 161 also wouldn't be allowed to take discovery with respect. 161 isn't just limited to treble damages. It also provides attorneys fees and injunctive relief and other forms of relief that we continued to pursue and were never disclaimed. But you specifically abandoned the claim of treble damages and you did that knowingly and intelligently, knowing what you're doing because it prevented discovery that you did not want to be subjected to. Is that fair? It is fair to say that yes, there were categories of discovery we took the position were irrelevant because they didn't bear on the full consideration remedy that we were seeking. Ms. Pope, these times that you made the affirmative decision to run away from treble damages, all that occurred before 2013 when the Kansas legislature acted, correct? That's correct. And it's also worth underscoring that at that time, the knowing part of this was that you knew that you had a full consideration remedy, correct? That's absolutely right. And it's only after 2013 that you knew that if it was retroactive, you would lose that. After 2013, we continued to have every reason to believe that we would be able to continue to pursue the section 115 remedy. It's worth underscoring that defendants themselves didn't raise this issue for an additional four years in any case and didn't raise it as to that our cause of the only cause of action had been extinguished immediately by the 2013 amendments. One would have expected them to raise that immediately and not continue to litigate the case for an additional five years. But yes, the case was effectively on appeal from 2011 until 2018. And for that reason, there was very little time in the district court when this issue would come up. Now, as I understand it, the other Kansas plaintiffs, the class, they were during most of the time represented by the same lawyers as farmers, correct? That's correct. And defendants do point out that... Let me ask you this. I don't know if it's in the record. Is it in the record, the applicable complaint, original complaint and any amendments to the Kansas class action case? Are those in the record? I believe that they are included in the appendix. Yes, your honor. As I understand it, sometime before 2013, those that Kansas class sought to amend their applicable complaint to add travel damages and that was denied, correct? Your honor, I'm afraid I don't know that it... I thought that it was granted and it was before the 2009 deadline for amending the pleadings. But I confess that I do not know the answer to that question. But one of the things that shows that defendant's argument that we should have simply amended at the same time as the class is spurious is that the deadline for amending the pleasing was in 2009, four years before these amendments even came into place. And that's in the MDL court denied the opportunity to amend for that very reason, correct? Denied farmland the opportunity to amend subsequent to the deadline, yes. Denied the class the opportunity to amend because time had expired. I'm sorry, your honor. I was not an attorney that represented the class and I do not know the answer to that question. I'd like to address one point that was made about the increase versus decrease of damages. Defendants have taken the position that even if it is the case that a change in the law that generally increases damages is a substantive change in the law, a change that generally decreases damages would not be. That's contrary to the great weight of authority outside of Kansas. As defendants in fact acknowledge this themselves because in footnote 13, in footnote 27 on page 13 of their brief, they cite two cases that they claim are consistent with Kansas law in which there was a diminution in the relief available to a plaintiff. And both were categorized as substantive changes in the law that could not be applied retroactively, which goes to show that the change, whether it's an increase or decrease in the amount of damages, is substantive in Kansas, outside of Kansas, all across the country. And that's consistent with what the Kansas Supreme Court told us in Killerbrink, that the great weight of authority holds that an increase, decrease, or appeal of a damages provision is a substantive change in the law that is not applied retroactively. Well, if it were procedural, one of the things that has bothered me is when we're sitting in diversity under ERIE, you'd have a different measure of damages in a federal court than in state court, right? If it's not substantive. Wouldn't that be true? I guess that's really a complicates the ERIE analysis quite substantially if we start treating it as a procedural rule. Your Honor, I think it's clear that this is not a procedural rule. It's not a remedial rule for all the reasons we addressed in our... I see my time is up. May I address the question? Briefly. It's neither procedural nor remedial. The Kansas Supreme Court cases tell us that a remedial or procedural change is one in the means or methods by which the substantive right is enforced. And this statute, Section 115, clearly falls on the other side. It is a substantive change in the law because it's a substantive change in the amount of damages. It's a law that gave and defined a right. It's also a law that created liability against a defendant. Thank you. Ms. Coyle, I'll give you a minute. Thank you, Your Honor. Very quickly. May it please the court. Counsel for Farmland said that this case was on appeal from 2011 to 2018. This case was not on appeal until January 2017 time period that the Kansas courts have told you was more than enough time to comply with a new rule. So I just wanted to quickly clear that up. Second, Judge Murphy was asking about the amendment sought after 2013. No party sought an amendment after 2013 on any basis saying we have good cause because of this change in law. And if they had, that would be a different story. But the only issue in the amendment after 2013 was to add a federal claim, which was denied as long after there was nothing new that changed in the law that would implicate it. They also say this created a private right of action. Your Honor, the identical right of action to vindicate the 112 cause of action exists in 161, existed before, continues to exist today. The Kansas courts have never held that a change to money damages is a substantive change. Brennan tells you precisely Your Honor. Thank you. Thank you. Thank you, counsel. Case is submitted. Counselor excused.